No. 2024-131

# United States Court of Appeals for the Federal Circuit

In re: Futaba Corporation of America,

*Petitioner.*

On Petition for a Writ of Mandamus from the Western District of Texas in *UUSI, LLC v. Futaba Corp. of America,* Case No. 23-cv-440-ADA

**RESPONDENT UUSI, LLC's OPPOSITION TO FUTABA'S PETITION FOR A WRIT OF MANDAMUS**

Lawrence M. Hadley
Jason Linger
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
10250 Constellation Blvd. Suite 1900
Los Angeles, CA 90067
Telephone: (310) 553-3000
*Counsel for Respondent UUSI, LLC*

June 14, 2024

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................1

II. STATEMENT OF FACTS ....................................................................3

III. LEGAL STANDARD ...........................................................................5

IV. ARGUMENT ........................................................................................6

    A. This Court Should Not "Order" the District Court to Grant Futaba's Motion to Dismiss ..................................................................6

    B. This Court Should Not Order the District Court to Stay the Case ........8

V. CONCLUSION ...................................................................................12

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Cheney v. U.S. Dist. Court for D.C.*,
    542 U.S. 367 (2004) ..................................................................................... 5

*Impinj, Inc. v. NXP USA, Inc.*,
    No. 6:21-CV-00530-ADA, 2023 WL 7476347, at *2 (W.D. Tex. Apr. 20, 2023) ..................................................................................................... 10

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020) ................................................................ 2, 8

*In re Beebe*,
    56 F.3d 1384 (5th Cir. 1995) ...................................................................... 11

*In re C.R. Bard, Inc.*,
    22 F.3d 1103 (Fed. Cir. 1994) ...................................................................... 7

*In re Google Inc.*,
    No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) ....... 2, 8, 9

*In re Nintendo Co., Ltd.*,
    544 F. App'x 934 (Fed. Cir. 2013) ............................................................ 2, 8

*In re Procter & Gamble Co.*,
    749 F.3d 1376 (Fed. Cir. 2014) ............................................................ passim

*In re SK Hynix, Inc.*, 835 Fed. Appx. 600 (Fed. Cir. 2021) ................................ 2, 8

*In re Stingray IP Sols.*, LLC,
    56 F.4th 1379 (Fed. Cir. 2023) .................................................................. 1, 7

*In re TracFone Wireless, Inc.*
    848 Fed. Appx. 899 (Fed. Cir. 2021) ........................................................ 2, 8

*Kahn v. GMC*,
    889 F.2d 1078 (Fed. Cir. 1989) ................................................................... 11

*Kerr v. U.S. Dist. Court for N. Dist. of Cal.*,
    426 U.S. 394, (1976) ..................................................................................... 5

*Lone Star SCM Sys., Ltd. v. Bluebird Inc.*,
    No. 6:21-CV-00844-ADA, 2023 WL 4923942, at *2 (W.D. Tex. Aug. 1,
    2023) ................................................................................................... 10, 11

*Mallard v. United States District Court*,
    490 U.S. 296 (1989) ................................................................................... 5

*Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*,
    No. W-20-CV-00969-ADA, 2022 WL 4240937, at *2 (W.D. Tex. Aug. 16,
    2022) ...................................................................................................... 9, 10

*Russell v. Attala Steel Indus., LLC,*
    2024 WL 532709, at *3 (N.D. Miss. Feb. 9, 2024) ....................................... 10

*WSOU Invs. LLC v. ZTE Corp.*,
    2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022) ..................................... 11

I.  **INTRODUCTION**

Petitioner Futaba Corporation of America ("Futaba") seeks extraordinary relief which, to the knowledge of Respondent UUSI, LLC d/b/a Nartron ("Nartron"), this Court has never granted before. In its Petition for Mandamus ("Pet."), Futaba asks this Court to *order* the Western District of Texas to *grant* its pending motion to dismiss—a motion which that Court ***has not yet decided***. Pet. at 2 ("FCA respectfully requests a writ of mandamus compelling the district court to dismiss this case"). Futaba cites no case in which this Court has ever granted such relief, and Nartron is aware of none. In essence, Futaba seeks an end-run around the district court, asking this Court to decide its motion to dismiss in the first instance—as confirmed by the fact that most of its Petition is a carbon copy of its pending motion below. *Compare* Pet. at 12-30 *with* APPX103-113. This is not a proper use of mandamus. *In re Stingray IP Sols.,* LLC, 56 F.4th 1379, 1384 (Fed. Cir. 2023).

Alternatively, Futaba asks that "[a]t a minimum," this Court order the Western District of Texas to stay all proceedings until it decides Futaba's motion to dismiss. Pet. at 30-31. This, too, is an improper use of mandamus. The district court already considered and denied Futaba's motion for such a stay. APPX0269. Futaba's "alternative" request for relief is, in reality, a disguised interlocutory appeal of the district court's denial of that motion. Mandamus cannot be used to circumvent the limitations on interlocutory appeals, yet that is exactly what Futaba is trying to do.

1

Moreover, the only cases Futaba cites in support of its request for a stay are ones in which this Court ordered district courts to stay proceedings pending decision on a **motion to transfer**. *See* Pet. at 30-32 (*citing In re Apple Inc.,* 979 F.3d 1332, 1337 (Fed. Cir. 2020), *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 935 (Fed. Cir. 2013), *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015), *In re TracFone Wireless, Inc.* 848 Fed. Appx. 899 (Fed. Cir. 2021), and *In re SK Hynix, Inc.*, 835 Fed. Appx. 600 (Fed. Cir. 2021)). Futaba has not filed a motion to transfer—it has only filed a motion to dismiss. Futaba cites no case, and Nartron is aware of none, in which this Court granted mandamus to order a district court to decide a motion to **dismiss** before proceeding to the merits of the case. Thus, apart from its procedural impropriety, Futaba's Petition lacks legal support.

Finally, mandamus is only proper if the petitioner "lack[s] adequate alternative means to obtain the relief it seeks." *In re Procter & Gamble Co.*, 749 F.3d 1376, 1378 (Fed. Cir. 2014). Here, Futaba's motion was not fully briefed until January 10, 2024, five months ago. *See* APPX0007, Dkt. No. 43 (Futaba Reply in support of motion). On March 20, 2024, the Court's law clerk emailed the parties to confirm that the Court was "aware of the pending motion" to dismiss, and "will rule on [it] in due course." *See* Hadley Decl.,[1] Ex. A. Meanwhile, the court's Standing

---

[1] "Hadley Decl." refers to the Declaration of Lawrence Hadley being filed herewith.

2

Orders state that "[i]f a motion to transfer remains pending" at the time of the *Markman* hearing, "the Court will either promptly resolve the pending motion before the *Markman* hearing, or postpone the *Markman* hearing." APPXvi. The Court did, in fact, postpone the *Markman* hearing twice, from April 8, 2024 to May 22, 2024, and from May 22, 2024 to July 15, 2024. APPX0010. Accordingly, all indications are that the Court intends to follow its Standing Orders, and issue a ruling on the motion to dismiss before holding a *Markman* hearing. As such, Futaba has "adequate alternative means to obtain the relief it seeks"—i.e., a decision from the district court, which will issue prior to the *Markman* hearing—and mandamus is improper.

## II.  STATEMENT OF FACTS

Nartron filed its complaint against Futaba in the Western District of Texas on June 9, 2023, and filed an amended complaint on July 14, 2023. APPX0003-APPX0004. The amended complaint alleges that Futaba directly and indirectly infringed three Nartron patents, and infringed copyrights on Nartron source code, by making, using, selling, and distributing certain printed circuit board assemblies ("PCBAs") used in vehicle center-stack consoles. APPX0020-APPX0055.

Futaba filed a motion to dismiss for lack of personal jurisdiction and improper venue—but ***not*** to transfer—on September 14, 2024. APPX0102-119. Pursuant to the district court's Standing Orders, on September 18, 2023, Nartron filed a Notice of Intent to Proceed with Venue Discovery, which automatically invoked a 10-week

jurisdictional/venue discovery period, and a stay on Nartron's deadline to oppose the motion to dismiss. APPX0004; APPXv. The parties conducted jurisdictional and venue discovery, after which Nartron filed its opposition to the motion to dismiss on December 27, 2023. APPX0006-0007. Futaba filed a reply on January 10, 2024, at which point the motion was fully briefed. APPX0007. Pursuant to the Court's Standing Orders, on January 30, 2024, the parties submitted a notice that venue and jurisdictional discovery was complete, and that the motion was ripe for decision. APPX0007-0008 (Dkt. 54). On March 14, 2024, the parties emailed the Court's clerk to remind the Court of the pending motion to dismiss, as well as other motions pending before the Court. Hadley, Ex. A. The law clerk responded that "[t]he Court is aware of the pending motions and will rule on them in due course." *Id.*

By agreement of the parties, the *Markman* hearing was originally set for April 11, 2024. APPX0006 (Dkt. 40). On March 13, 2024, Futaba filed a motion to stay all proceedings in the case, including the *Markman* proceedings, pending decision on its motion to dismiss. APPX0009 (Dkt. 69). That motion was denied. APPX0010. The parties proceeded with *Markman* briefing, which is now complete. *Id.* (Dkt. 81; Joint Claim Construction Brief). On April 17, 2024, Futaba filed a Motion for Protective Order, again seeking to stay all discovery until the resolution of its motion to dismiss. *Id.* (Dkt. 83). That motion was also denied. *Id.*

On April 8, 2024—with the motion to dismiss still pending, and a ruling

4

expected "in due course" (Hadley Ex. A)—the Court postponed the *Markman* hearing from April 11, 2024 to May 22, 2024. That was consistent with the Court's Standing Orders, which provide that if a "motion to transfer remains pending" at the time of the *Markman* hearing, "the Court will either promptly resolve the pending motion before the *Markman* hearing, or postpone the *Markman* hearing." APPXvi. With the motion still pending, on May 17, 2024, the Court again postponed the *Markman* hearing from May 22, 2024 to July 15, 2024. APPX0010 (Dkt. 86). Accordingly, it is clear that the Court intends to follow its Standing Orders, and decide the motion to dismiss before it proceeds with the *Markman* hearing.

## III. LEGAL STANDARD

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *In re Procter & Gamble Co.*, 749 F.3d 1376, 1378 (Fed. Cir. 2014) (*quoting Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)). "Accordingly, 'three conditions must be satisfied before it may issue.'" *Id.* (*quoting Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)). First, "[t]he petitioner must show a 'clear and indisputable' right to relief." *Id.* (*quoting Kerr*, 426 U.S. at 403). Second, "the petitioner must 'lack adequate alternative means to obtain the relief' it seeks." *Id.* (*quoting Mallard v. United States District Court*, 490 U.S. 296, 309 (1989)). Third, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is

5

appropriate under the circumstances." *Id.* (*quoting Cheney*, 542 U.S. at 381).

## IV. ARGUMENT

This is not a case that warrants the "drastic" relief of mandamus. *In re Procter & Gamble*, 749 F.3d at 1378. To the contrary, it is a clear abuse of the mandamus procedure, by which Futaba seeks to: (i) circumvent the district court, and have this Court decide its motion to dismiss in the first instance; and (ii) circumvent the limitations on interlocutory appeal, and have this Court reconsider the district court's denial of its motion to stay. Neither is proper. To the extent Futaba will be required to provide fact discovery while its motion is pending, that is not unusual, and in any event, Futaba ***agreed***, in a Joint Motion, to have fact discovery open on March 15, 2024, prior to the *Markman* hearing. *See* Hadley Dec., Ex. B (Joint Motion) at 2 ("the Parties ***do not*** propose moving … the start of fact discovery"); Hadley Dec., Ex. C (Exhibit 1 to Joint Motion) at 3 (parties agreeing to "March 15, 2024" opening of fact discovery and "April 11, 2024" *Markman* hearing, which the parties acknowledged was "a placeholder and the Court may adjust this date as the Markman hearing approaches). Accordingly, Futaba's Petition should be denied.

### A. This Court Should Not "Order" the District Court to Grant Futaba's Motion to Dismiss

The primary relief Futaba seeks in its Petition is "a writ of mandamus compelling the district court to dismiss the case." Pet. at 2. That is—Futaba asks this Court to decide its motion to dismiss in the first instance, even though the motion

6

has been fully briefed below, and is pending decision by the district court. In support of this request, Futaba repeats, in its Petition, almost the entire content of its pending motion below *verbatim*. *Compare* Pet. at 12-30 *with* APPX103-113.

This is a clear abuse of the mandamus procedure. Futaba cites no case, and Nartron is not aware of any, in which this Court has granted mandamus to decide, ***in the first instance***, a motion that has been fully briefed and is pending decision in the district court. To the contrary, this Court repeatedly notes that mandamus is ***not*** a proper vehicle for deciding issues in the first instance. *See, e.g., In re Stingray IP Sols., LLC,* 56 F.4th 1379, 1384 (Fed. Cir. 2023) ("The district court did not make such a finding, and we decline to do so in the first instance on mandamus"); *In re C.R. Bard, Inc.*, 22 F.3d 1103 (Fed. Cir. 1994) ("[t]he issue of relevancy is especially inappropriate for mandamus and is properly left for the district court's discretionary determination in the first instance").

In essence, Futaba seeks an end-run around the district court, asking a three-judge panel of this Court to decide its motion to dismiss. That is not how appellate courts work. If Futaba is unhappy with whatever decision the district court ultimately issues on its motion, its remedy will be to appeal. But no authority supports using the extraordinary writ of mandamus to have this Court decide Futaba's motion in the first instance. Thus, Futaba's primary request for relief should be denied.

Even if it were proper for this Court to consider Futaba's motion in the first

instance, it should be denied, for all of the reasons set forth in Nartron's Opposition Brief filed below. *See* Hadley Dec., Ex. D (Nartron Opposition Brief).

### B. This Court Should Not Order the District Court to Stay the Case

Alternatively, "[a]t a minimum," Futaba asks this Court to order the district court to "stay discovery and all proceedings concerning the substantive issues of the case until it has ruled on FCA's motion[] to dismiss." Pet. at 30-33. But this, again, is an improper use of mandamus, because the district court has already considered and denied Futaba's request for such a stay. APPX0269. Futaba's request for alternative relief should be denied as an improper attempt at interlocutory appeal.

Moreover, Futaba cites only cases in which this Court ordered district courts to stay proceedings pending resolution of a ***motion to transfer***. *Id.* (*citing In re Apple Inc.*, 979 F.3d at 1337, *In re Nintendo Co.,* 544 F. App'x at 941, *In re Google Inc.*, 2015 WL 5294800, *In re TracFone*, 848 Fed. Appx. at 900, and *In re SK Hynix,* 835 Fed. Appx. at 601). Futaba has not filed a motion to transfer—it has only filed a motion to dismiss. Futaba cites no case—and Nartron is not aware of any—in which this Court has granted a writ of mandamus to order a district court to stay all proceedings pending resolution of a motion to dismiss. Thus, Futaba's cited cases are inapposite, and there is no legal support for the relief it seeks.

Furthermore, mandamus is only proper if the petitioner "lack[s] adequate alternative means to obtain the relief' it seeks. *In re Procter & Gamble Co.*, 749 F.3d

8

at 1378. Here, as discussed above, all indications are that the district court intends to promptly rule on Futaba's motion, prior to conducting the *Markman* hearing. The motion was not fully briefed until January 10, 2024. APPX0007. The parties notified the Court that briefing was complete on January 30, 2024 (*id.*), and again on March 14, 2024 (Hadley Dec., Ex. A). In response, the Court stated that it was "aware of the pending motion[] and will rule on [it] in due course." *Id.* Consistent with its Standing Orders, the Court has now twice postponed the *Markman* hearing, so that it can "resolve the pending motion before the *Markman* hearing." APPXvi. Accordingly, mandamus is inappropriate, as there has not been "a lengthy delay in ruling on a request for relief [that] amount[s] to a denial of the right to have that request meaningfully considered." *In re Google Inc.*, 2015 WL 5294800, at *1.

To the extent Futaba will have to provide discovery while its motion is pending (and before the *Markman* hearing), that is not unusual, is not grounds for mandamus, and is a direct result of Futaba's **agreement** to have fact discovery open on March 15, before the hearing, and while its motion was still pending. Hadley Dec., Ex. B (Joint Motion to Extend) at 2 ("the Parties **do not** propose moving … the start of fact discovery"); Hadley Dec., Ex. C (Exhibit 1 to Joint Motion) at 3 (parties agreeing to "March 15, 2024" opening of fact discovery and "April 11, 2024" *Markman* hearing, which the parties acknowledged was "a placeholder and the Court may adjust this date as the Markman hearing approaches).

9

Meanwhile, a stay would substantially prejudice Nartron. Where—as here—the parties are competitors, "prejudice is nearly inherent in granting a stay." *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, No. W-20-CV-00969-ADA, 2022 WL 4240937, at *2 (W.D. Tex. Aug. 16, 2022). Over time, as a competitor continues to use a patentee's inventions without attribution, the patentee loses "customers," "recognition," "market share," and "goodwill." *Id.*; *see also Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476347, at *2 (W.D. Tex. Apr. 20, 2023) (denying motion to stay due to the competitor status of the parties).

Nartron and FCA are competitors in the automotive PCBA market. As alleged in the First Amended Complaint, Nartron was engaged by a third party, JVIS, to engineer and produce PCBAs for JVIS's vehicle center stack consoles. APPX0021, ¶ 7. JVIS shared Nartron's proprietary design with "Nartron's direct competitor," Defendant Futaba. *Id*. JVIS then terminated its contract with Nartron and began using Futaba to produce its PCBAs. *Id.*, ¶ 9. Thus, the parties are competitors, which weighs against a stay—as the district court already found in denying Futaba's motion to stay. APPX0269 (district court "finding that the factors"—including prejudice to Nartron—"do not favor staying the proceedings, the Court DENIES the Motion").[2]

---

[2] In the Fifth Circuit, "[i]n weighing a motion for a stay, courts consider (1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy." *Russell v. Attala Steel Indus., LLC,* 2024 WL 532709, at *3 (N.D. Miss. Feb. 9, 2024)

10

A stay would also unduly prejudice Nartron for several additional reasons. Nartron, "like all patentees, has an interest in the timely enforcement of its patent rights." *Lone Star SCM Sys., Ltd. v. Bluebird Inc.*, No. 6:21-CV-00844-ADA, 2023 WL 4923942, at *2 (W.D. Tex. Aug. 1, 2023). "Recognition must be given to the strong public policy favoring expeditious resolution of litigation." *Id.* (*citing Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)). Nartron has an interest in enforcement of its rights in both the Asserted Patents and Nartron's copyrighted software design (APPX0011-12 ¶¶ 3-6), and a stay would undermine those rights. Also, "a stay risks the loss of testimonial and documentary evidence potentially valuable to [Nartron's] case." *Lone Star*, 2023 WL 4923942, at *2. Here, one of the inventors of the Asserted Patents, John Washeleski of U.S. Patent No. 9,538,589, is deceased. As time passes, further evidence and witnesses may become unavailable.

Meanwhile, there is little, if any, prejudice to Futaba in withholding a stay. The only prejudice Futaba identifies is the cost of proceeding with discovery and the *Markman* hearing. Pet. at 32-34. But discovery costs are inherent in all litigation, *Markman* hearings occur in all patent litigation, and neither rises to the level of an "undue burden" that would justify a stay. *WSOU Invs. LLC v. ZTE Corp.*, 2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022) ("ZTE argues that continued discovery and proceeding to a Markman hearing will cause irreparable harm. These typical costs associated with discovery and defending a suit do not warrant a stay. Ordinary

11

discovery deadlines, without more, does not give rise to an undue burden").

Finally, under Fifth Circuit law, whether to grant a stay is committed to the sound discretion of the trial court. *In re Beebe*, 56 F.3d 1384, 1384 (5th Cir.1995) ("a district court has a ***discretionary*** power to stay proceedings before it in the control of its docket," which is reviewed for "abuse of ***discretion***"). Here, Futaba made the exact same arguments it its presenting to this Court in its motion to stay. *See* APPX0244-0254. The district court considered those arguments, but in the exercise of its discretion, concluded that "the factors do not favor staying the proceedings." APPX0269. Because that decision was committed to the sound discretion of the trial court, Futaba cannot show that it has a "clear and indisputable right" to a stay, as would warrant mandamus. *In re Procter & Gamble Co.*, 749 F.3d at 1378. Rather, Futaba's Petition appears to be little more than a disguised interlocutory appeal of the district court's denial of its motion to stay—a clear abuse of the mandamus procedure, to circumvent the limits on interlocutory appeals.

For the foregoing reasons, Futaba has not shown "a clear and indisputable right to relief," that it "lack[s] adequate alternative means to obtain the relief it seeks," or that "the writ is appropriate under the circumstances." *Id.* Accordingly, its Petition should be denied in its entirety.

V.   **CONCLUSION**

For the foregoing reasons, Respondent Nartron respectfully requests that

12

Futaba's Petition for Mandamus be denied in its entirety.

Dated: June 14, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By:　*/s/ Lawrence M. Hadley*
　　　　　　　　　　　　　　　　　　Lawrence M. Hadley
　　　　　　　　　　　　　　　　　　Jason Linger
　　　　　　　　　　　　　　　　　　GLASER WEIL FINK HOWARD
　　　　　　　　　　　　　　　　　　 JORDAN & SHAPIRO LLP
　　　　　　　　　　　　　　　　　　10250 Constellation Blvd., 19th Floor
　　　　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　　　　Telephone: (310) 553-3000
　　　　　　　　　　　　　　　　　　lhadley@glaserweil.com
　　　　　　　　　　　　　　　　　　jlinger@glaserweil.com

　　　　　　　　　　　　　　　　*Counsel for Respondent UUSI, LLC*

# CERTIFICATE OF SERVICE

I certify that RESPONDENT UUSI, LLC's OPPOSITION TO FUTABA'S PETITION FOR A WRIT OF MANDAMUS was served on all counsel of record on this 14th day of June, 2024, by email.

/s/   *Lawrence M. Hadley*
Lawrence M. Hadley

# CERTIFICATE OF COMPLIANCE

I, Lawrence M. Hadley, hereby certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 21 because it contains 3,174 words, excluding the portions authorized to be excluded by Fed. R. App. P. 27(d)(2) and Federal Circuit Rule 27(d).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: June 14, 2024         By:  */s/ Lawrence M. Hadley*
                                  Lawrence M. Hadley