No. 2024-131

# In the
# United States Court of Appeals
# for the Federal Circuit

---

IN RE FUTABA CORPORATION OF AMERICA

*Petitioner,*

_____

On Petition for a Writ of Mandamus to the
United States District Court for the Western District of Texas
in Case No. 6:23-cv-00440-ADA,
the Honorable Alan D. Albright Presiding.

## FUTABA CORPORATION OF AMERICA'S REPLY
## IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS

George S. Fish
Young Basile Hanlon & MacFarlane, P.C.
3001 W. Big Beaver Rd., Ste. 624
Troy, MI 48084
(248) 649-3333

John Demarco
Young Basile Hanlon & MacFarlane, P.C.
700 Milam St., Ste. 1300
Houston, TX 77002
(832) 871-5058

*Counsel for Futaba Corporation of America*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2024-131 |
| **Short Case Caption** | In re Futaba Corporation of America |
| **Filing Party/Entity** | Futaba Corporation of America |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/17/2024

Signature: /s/ George S. Fish

Name: George S. Fish

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| Futaba Corporation of America | | Futaba Corporation |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable                    ☐   Additional pages attached

| | | |
|---|---|---|
| Young Basile Hanlon & MacFarlane, P.C. | John Demarco | |
| Young Basile Hanlon & MacFarlane, P.C. | George S. Fish | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)   ☑   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable                    ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ...................................................... i

INTRODUCTION....................................................................1

ARGUMENT .......................................................................2

   I.   FCA is entitled to mandamus relief because it has shown "a clear and indisputable right" to have the underlying case dismissed or at least its motions to dismiss decided before proceeding further into the merits of the case...................................................................2

   II.  FCA is entitled to mandamus relief because it has "no other adequate method" to obtain the relief....................................................8

   III.   Dismissal of the case or stay of the case pending rulings on the motions to dismiss is appropriate under the circumstances. ..............11

CONCLUSION ....................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple,*
    52 F.4th 1360 (Fed. Cir. 2022).....................................................3, 5, 8

*In re Apple, Inc.,*
    979 F.3d 1332 (Fed. Cir. 2020) .................................................3, 5, 12

*In re Bd. of Regents of the Univ. of Tex. Sys.,*
    435 Fed. Appx. 945 (Fed. Cir. 2011).....................................................3

*In re C.R. Bard, Inc.,*
    94-1196, 1994 U.S. App. LEXIS 18207 (Fed. Cir. March 4,
    1994)....................................................................................5, 6, 9

*In re: Google LLC,*
    949 F.3d 1338 (Fed. Cir. 2020) ..........................................................10

*In re Google,*
    15-138, 2015 U.S. App. LEXIS 16544 (Fed. Cir. July 16,
    2015)............................................................................................3

*In re Oath Holdings Inc.,*
    908 F. 3d 1301 (Fed. Cir. 2018) ..........................................................7

*Shovah v. Roman Catholic Diocese of Albany (In re Roman
    Catholic Diocese of Albany),*
    745 F.3d 30 (2nd Cir. 2014) .................................................................7

*In re Stingray IP Sols., LLC,*
    56 F.4th 1379 (Fed. Cir. 2023)...........................................................5, 6

*In re ZTE (USA) Inc.,*
    890 F.3d 1008 (Fed. Cir. 2018) .........................................................3, 7

**Statutes**

13 U.S.C. § 1400(b) ................................................................. 3

28 U.S.C. § 1291 ..................................................................... 9

28 U.S.C. § 1406(a) ................................................................ 6

28 U.S.C. § 1651(a) ................................................................ 5

**Other Authorities**

19 Moore's Federal Practice – Civil §§ 202.07, 202.07[1] ......................... 9

## INTRODUCTION

Petitioner Futaba Corporation of America ("FCA") has shown "a clear and indisputable right" to a writ of mandamus to the United States District Court for the Western District of Texas ("WDTX") to (i) dismiss the underlying case for improper venue or lack of personal jurisdiction or (ii) stay the case pending reasoned decisions on FCA's motions to dismiss filed <u>over nine months ago</u>. Respondent UUSI, LLC d/b/a Nartron ("Nartron") seeks vengeance for the loss of a manufacturing contract to FCA for the products-in-suit over ten years ago. Nartron shopped for a district that is notoriously favorable for patent owners to maximize litigation expenses on FCA and force it to settle, despite the district lacking venue and personal jurisdiction. Nartron has been unable to prove facts necessary for proper venue despite WDTX giving Nartron over two months of discovery from FCA on the subject. Tellingly, Nartron's response to FCA's petition is devoid of any arguments or facts in favor of venue or jurisdiction. Indeed, Nartron did not even want to file response.[1]

---

[1] Nartron's response to FCA's petition was due on June 7, 2024. ECF 8. On June 5, 2024, Nartron asked the Court to "deny FCA's Petition" and noted that "Nartron will not file a response unless ordered by the

Instead, Nartron argues that WDTX should be allowed to get to the motions to dismiss at its leisure. Meanwhile, FCA has been in the case for one year, has not even answered the complaint and is being subjected to the full scope of claim construction, and merits-based discovery. FCA has even received final infringement contentions and had to serve its final invalidity contentions. This Court should relieve FCA of this unreasonable burden and send a message to other patent owners to refrain from filing actions in WDTX if there is no reasonable basis for venue there.

## ARGUMENT

**I.    FCA is entitled to mandamus relief because it has shown "a clear and indisputable right" to have the underlying case dismissed or at least its motions to dismiss decided before proceeding further into the merits of the case.**

Generally, three conditions must be satisfied for mandamus relief: (1) the petitioner must demonstrate "a clear and indisputable right" to mandamus relief; (2) the petitioner must have "no other adequate method" to obtain the relief; and (3) the relief must be "appropriate under

---

Court." ECF 11. Nartron decided to file a response only after this Court issued an "Overdue Notice" on June 11, 2024 and warned that "[f]ailure to file required documents may result in dismissal or other action as deemed appropriate by the court." ECF Entry June 11, 2024.

the circumstances." *In re Apple, Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020). FCA has a clear and indisputable right. District courts must prioritize the resolution of threshold motions, and failure to do so in a timely fashion warrants mandamus relief. *In re Apple,* 52 F.4th 1360, 1361 (Fed. Cir. 2022); *In re Google*, 2015-138, 2015 U.S. App. LEXIS 16544 at *1 (Fed. Cir. July 16, 2015). Personal jurisdiction is one of the "threshold grounds for denying audience to a case on the merits" that a court must address first. *In re Bd. of Regents of the Univ. of Tex. Sys.,* 435 Fed. Appx. 945, 946 (Fed. Cir. 2011) (quoting *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 423 (2007).

FCA moved to dismiss all claims in the case based on improper venue and lack of personal jurisdiction over nine months ago. APPX0102-0114. FCA's grounds for the motions are compelling. *See* APPX0102-0122 (incorporated by reference); APPX0198-0209 (incorporated by reference). In brief, venue is improper for the patent infringement claims because Nartron failed to allege in its complaint or prove that "defendant has committed acts of infringement" in WDTX. 13 U.S.C. § 1400(b); *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the

burden of establishing proper venue"). Venue is improper for the copyright infringement claim because Nartron failed to allege in its complaint or prove that Nartron "may be found" under the standards of specific or general personal jurisdiction in WDTX. Personal jurisdiction is lacking because Nartron failed to prove (i) FCA's contacts with Texas, which have nothing to do with the products-in-suit, gave rise to Nartron's infringement claims or (ii) FCA has its place of incorporation or principal place of business in Texas. *See* ECF 2 at 19-30. Nartron does not raise any arguments against FCA's compelling grounds for dismissal, and instead essentially argues WDTX may take its time to rule on the motions while enforcing its accelerated litigation schedule against FCA. *See* ECF 16-1 at 7 ("[i]f Futaba is unhappy with whatever decision the district court ultimately issues on its motion, its remedy will be to appeal").

In its response, Nartron argues this Court has not "granted mandamus to decide **in the first instance**, a motion that has been fully briefed and is pending decision in the district court." ECF 16-1 at 7. Nothing bars this Court from deciding an effectively-denied motion or ordering the district court to grant such motion under appropriate

4

circumstances. *See* 28 U.S.C. § 1651(a) ("courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). In one instance, a petition requesting this Court to order transfer spurred a decision by WDTX that led this Court to grant the petitioned-for-relief. *In re Apple Inc.* 979 F.3d 1332, 1335 (Fed. Cir. 2020); *see In re Apple Inc.*, 52 F.4th 1360, 1361 (Fed. Cir. 2022) ("appellate court may grant mandamus to correct a clearly arbitrary refusal to act on a longstanding pending transfer motion").

Nartron adds that "this Court repeatedly notes that mandamus is not a proper vehicle for deciding issues in the first instance," citing *In re Stingray IP Sols., LLC,* 56 F.4th 1379, 1384 (Fed. Cir. 2023) and *In re C.R. Bard, Inc.*, 22 F.3d 1103 (Fed. Cir. 1994). ECF 16-1 at 7. Nartron's cited cases are distinguishable and even support FCA. In *Stingray IP Sols.*, this Court granted a writ of mandamus vacating a decision of the Eastern District of Texas to transfer a patent infringement suit to the Central District of California based on the defendants' post-suit consent to jurisdiction there. In granting the writ, this Court sought to <u>avoid enabling discriminatory forum shopping</u>. *In re Stingray IP Sols., LLC,* 56

F.4th at n.2. Further, this Court noted that mandamus relief can be available for rulings on motions under 28 U.S.C. § 1406(a) (re: improper venue) if "important to proper judicial administration." *Id. at* 1384 (internal citations and quotations omitted).

Nartron's cited case of *C.R. Bard, Inc.* is not about a review in a first instance of motions to dismiss but rather review of a district court's conduct in post-trial discovery. *See In re C.R. Bard, Inc.*, 94-1196, 1994 U.S. App. LEXIS 18207 *6 (Fed. Cir. March 4, 1994). The petitioner moved this Court for a stay after its motion for the stay was denied by the district court. *Id.* at *1. Consistent with our arguments below, this Court concluded it had no jurisdiction over an appeal of a motion to stay. *Id.* at *5. The Court treated the motion as a petition for writ of mandamus, and denied it as involving an issue in the district court's discretion, i.e., relevancy of documents. *Id. at *5-9*. In contrast, the case here involves constructive denial of motions to dismiss that should have been decided at the threshold.

Nartron claims (i) FCA cites only cases in which this Court has ordered district courts to stay proceedings pending resolution of a motion to transfer and (ii) Nartron has been unable to find authority for this

Court to stay the district court proceedings while a motion to dismiss is pending. ECF 16-1 at 8. Nartron does not set forth any rationale why the necessity of first deciding the threshold issues of improper venue and jurisdiction are less important than the threshold issue of a transfer motion. All are threshold issues that if not decided early, as required by law, threaten to waste resources of parties and courts.

To be sure, courts have granted writs of mandamus on decisions on motions to dismiss for improper venue and lack of personal jurisdiction. *See In re  ZTE (USA) Inc.*, 890 F.3d 1008 (Fed. Cir. 2018) (re: improper venue); *In re Oath Holdings Inc.*, 908 F. 3d 1301 (Fed. Cir. 2018) (re: improper venue); *Shovah v. Roman Catholic Diocese of Albany (In re Roman Catholic Diocese of Albany)*, 745 F.3d 30, 41 (2nd Cir. 2014) (re: personal jurisdiction). It stands to reason this Court may also grant writs of mandamus on such motions if they are constructively denied.

FCA has "a clear and indisputable right" to mandamus relief because (i) the record is clear and compelling that at least its motion to dismiss based on improper venue should be granted, (ii) the motion has been pending for over nine months and there is no certainty when it will be decided, (iii) WDTX has a pattern of selectively ignoring motions to

7

dismiss based on threshold issues, and (iv) WDTX and Respondent have denied all of FCA's requests for relief from the burdens of a fast tracked multi-patent and copyright infringement litigation while its motions to dismiss are pending.

## II. FCA is entitled to mandamus relief because it has "no other adequate method" to obtain the relief.

FCA has "no other adequate method" to obtain relief from the necessary time, work, and legal expenses to fully address and preserve FCA's substantive defenses to Nartron's infringement claims in WDTX where venue is clearly improper and WDTX has a pattern of moving cases quickly forward with little regard to threshold procedural issues. *See, e.g., In re Apple Inc.*, 52 F.4th 1360, 1362 (Fed. Cir. 2022). Nartron argues that WDTX is properly addressing FCA's motions to dismiss per its "Standing Orders" and per its emails to the parties. ECF 16-1 at 2-3, 8. However, the "Standing Orders" are for a pending "motion to transfer," not for motions to dismiss. *See* ECF 16-1 at 9 ("[i]f a motion to transfer remains pending" at the time of the Markman hearing, "the Court will either promptly resolve the pending motion before the Markman hearing, or postpone the Markman hearing" (citing APPXvi)). Further, the district court's emails are now two-fold and provide no time frame for decisions

of the motions. FCA should not be subjected to further delay nor the possibility of a third email considering the current stage of the litigation.

In its response Nartron self-servingly argues motions to transfer and dismiss are the same in the Standing Order but are different in determining mandamus relief. ECF 16-1 at 2, 9. Clearly, a motion to dismiss based on improper venue is analogous to but more urgent than a motion to transfer. Delay of dismissal wastes resources and work product of the parties as well as courts while delay of transfer can shift the resources and work product over to the next district.

Nartron also repeatedly argues that FCA is using mandamus as an improper alternative to an interlocutory appeal of the WDTX's denial of FCA's motion to stay pending a decision on the motions to dismiss. ECF 16-1 at 1, 6, 8, 12. However, the denial of FCA's motion to stay as well as the denial of its motion for a protective order from discovery are not appealable final orders under 28 U.S.C. § 1291 or subject to the collateral order doctrine permitting immediate appeal of nonfinal orders that determine important rights of parties but are not related to the merits of the action. *See* 19 Moore's Federal Practice – Civil §§ 202.07, 202.07[1]; *In re C.R. Bard, Inc.*, 1994 U.S. App. LEXIS at *3 ("discovery orders are

9

generally not immediately appealable"). A writ of mandamus deciding the pending motions to dismiss or staying the case pending decisions from WDTX on the constructively-denied motions is the only "adequate method" of obtaining relief here.

Nartron attempts to diminish the legal burdens on FCA to continue in the case without a stay arguing that "discovery costs are inherent in all litigation" and "*Markman* hearings occur in all patent litigation." ECF 16-1 at 15. Nartron misses the point. None of those burdens are inherent in litigations in which, as here, a defendant has not answered the complaint and the court has delayed granting motions to dismiss on threshold issues. Moreover, this Court has recognized those litigation burdens as important factors in issuing a writ of mandamus. *See In re: Google LLC*, 949 F.3d at 1342-1343 ("the substantial expense to the parties that would result from an erroneous district court decision confirms the inadequacy of appeal in this case").

Natron also argues FCA has no right to relief from the burdens of merits discovery because FCA had agreed to discovery starting on March 15, 2024. ECF 16-1 at 10, 13. Nartron is fully aware that it effectively set that date when WDTX accepted Nartron's proposed scheduling order

10

while rejecting FCA's. *See UUSI, LLC d/b/a Nartron v Futaba Corporation of America et al.*, Case 6:23-cv-00440 (W. Dist. Tex), ECF ECF 30 at 2-8 (Joint Motion to Enter Scheduling Order filed 10/19/23). Later, Nartron refused to change that date when the parties submitted an amended scheduling order that addressed scheduling and holiday conflicts and moved the *Markman* hearing from March 14, 2023, to April 11, 2023. APPX0190-0191, APPX0257. Later, WDTX's unilateral rescheduling of the *Markman* twice, summary denials of FCA's motions to stay and for a protective order, and refusal to address the motions to dismiss precipitated FCA's necessity for relief.

### III. Dismissal of the case or stay of the case pending rulings on the motions to dismiss is appropriate under the circumstances.

This case is ripe for dismissal or stay pending the motions to dismiss for improper venue and lack of personal jurisdiction. FCA's motions are compelling. WDTX gave Nartron over two months to obtain discovery from FCA on the issues. Nartron took full advantage of that. The record is clear that Nartron failed to allege in its complaint or prove that venue is proper. Thus, the case should be dismissed at least for improper venue. Allowing WDTX to decide the motions will only result in

a potential waste of judicial and party resources. If WDTX denies the motions, FCA will have to either (i) appeal after litigating through to a final judgment in the case or (ii) file an interlocutory appeal or another petition for mandamus while litigating the merits of the case in a district known to burden defendants by moving cases quickly forward. Thus, this Court should dismiss or order dismissal of this case.[2] Alternatively, the Court should stay the case, particularly stay merits discovery, pending WDTX's rulings on FCA's motions to dismiss. FCA needs relief from Nartron's (i) continued pressure for substantive responses to their voluminous discovery requests and (ii) threats of motions for evidentiary and/or monetary sanctions if FCA does not comply with the requests by June 27, 2024.

In its response, Nartron argues that granting a writ for a stay would prejudice Nartron because the parties are competitors, and a stay would risk loss of (i) "customers," "recognition," "market share," and "goodwill" and (ii) evidence for its litigation. ECF 16-1 at 10-11 (citing

---

[2] If the Court believes venue is clearly improper for only certain Nartron claims, such as the direct patent infringement claims, the Court may dismiss or order dismissal of only those claims. This would still provide FCA with substantial relief.

only non-precedential WDTX case law). Prejudice to a respondent is not a factor in a mandamus analysis. *See In re Apple, Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020). Regardless, Nartron and FCA are not competitors. The products-at-issue have only one customer, third party JVIS-USA, LLC ("JVIS"). Thirteen years ago, JVIS contracted with Nartron to supply analogous products. *See* APPX0025, ¶30. Nartron was unable to fulfill the contract. *See* APPX0025, ¶36. Thus, JVIS terminated the relationship with Nartron and hired FCA. *See* APPX0027, ¶41. Due to the ending of the programs for the products-at-issue and the acrimonious Prior Litigations between JVIS and Nartron, JVIS will never buy the products from Nartron. *See* APPX0026, ¶36.

Further, Nartron's claims of prejudice from delay ring hollow considering how long Nartron sat on its alleged rights. Nartron waited ten years to file the underlying litigation against FCA knowing FCA has been making the products-at-issue since 2013.[3] Nartron cannot identify any unique prejudice resulting from a stay until the motions to dismiss are decided. Thus, there is no merit to Nartron's claim of prejudice. *See*

---

[3] Nartron could have filed its copyright infringement claim in 2013 and its patent infringement claims starting in 2017.

ECF 16-1 at 10.

## CONCLUSION

For the foregoing reasons, the Court should issue a writ of mandamus requiring the district court to grant FCA's motion to dismiss. Alternatively, the Court should issue a writ of mandamus staying this case pending the district court's rulings on FCA's motions to dismiss.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) and the Rules of this Court, because it contains 2,997 words (as determined by the Microsoft Word word-processing system used to prepare the brief), excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using the Microsoft Word word-processing system in 14-point Century Schoolbook font.

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2024-131

**Short Case Caption** In Re Futaba Corporation of America

> **NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 06/17/2024

by ☐ U.S. Mail ☐ Hand Delivery ☑ Email ☐ Facsimile
☐ Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Lawrence M. Hadley | 10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067 lhadley@glaserweil.com |
| Lara A. Petersen | 10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067 lpetersen@glaserweil.com |
| Jason C. Linger | 10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067 jlinger@glaserweil.com |
| Mark D. Siegmund | 400 Austin Ave., 9th Floor, Waco, TX 76701 msiegmund@cjsjlaw.com |
| Craig D. Cherry | 400 Austin Ave., 9th Floor, Waco, TX 76701 ccherry@cjsjlaw.com |

☐ Additional pages attached.

Date: 06/17/2024

Signature: /s/ George S. Fish

Name: George S. Fish