NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re FUTABA CORPORATION OF AMERICA,**
*Petitioner*

2024-131

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:23-cv-00440-ADA, Judge Alan D. Albright.

**ON PETITION**

Before PROST, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Futaba Corporation of America ("FCA") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas ("WDTX") to dismiss this case or, in the alternative, to stay proceedings pending a ruling on its motion to dismiss for improper venue and lack of personal jurisdiction. UUSI, LLC ("Nartron") opposes the petition.

Nartron sued FCA for patent and copyright infringement in WDTX. FCA filed a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406(a) and for lack of

personal jurisdiction. In response to that motion, Nartron sought leave to amend the complaint to add FCA's parent company, Futaba Corporation, as a party and to add allegations against a Futaba affiliate with a place of business in WDTX. On May 30, 2024, FCA filed this petition for a writ of mandamus asking this court to direct WDTX to either dismiss the case or rule on FCA's motion to dismiss. On June 20, 2024, the district court issued an order granting FCA's motion for leave to amend its complaint. Having allowed Nartron to file the amended complaint, the district court issued a separate order the same day deeming FCA's motion to dismiss the previous complaint moot. We have jurisdiction under 28 U.S.C. §§ 1295(a)(1), 1651.

Under the well-established standard for obtaining mandamus relief, a petitioner must: (1) show that it has a "clear and indisputable" right to issuance of the writ; (2) show that it does not have any other adequate means to obtain relief; and (3) convince the court that "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (quoting *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)). FCA has not met that standard. In light of the orders granting leave to file the new complaint and dismissing FCA's motion, FCA's right to a stay or dismissal of the prior complaint is anything but "clear and indisputable." FCA's ability to raise challenges to the new complaint by way of a motion to dismiss or on appeal after final judgment further provide adequate alternative means to relief such that our immediate intervention here is unwarranted.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 22, 2024
Date